UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                     **DECISION AND ORDER**
                                                    07-CR-308S

MARK VIGNERON,
                Defendant.

      1.      On April 23, 2008, this Court sentenced the Defendant, Mark Vigneron, to a term of 57 months following his conviction for one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). The Court denied Defendant's request that he be allowed to voluntarily surrender to a facility designated by the Bureau of Prisons, but indicated that it would consider Defendant's submission on the issue of voluntary surrender.

      2.      Defendant has filed a Motion asking that this Court permit him to voluntarily surrender, or in the alternative, stay the execution of his sentence for a five-day period. For the following reasons, Defendant's Motion must be denied.

      3.      Here, Defendant's offense of conviction is a crime of violence under 18 U.S.C. § 3156(a)(4)(C). Therefore, under 18 U.S.C. § 3143(a)(2), the Court is required to order that he be detained unless "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person" and "(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

      There has been no indication that a motion for acquittal or new trial will be granted

in this case, nor has there been a recommendation by the Government that Defendant not be imprisoned.  Lastly, there has been no finding by the Court that Defendant is not likely to flee or pose a danger to the community.  Accordingly, Defendant is subject to a mandatory remand into custody under § 3143(a)(2).

Furthermore, even if the Court granted Defendant's request for a stay of execution of his sentence, detention would still be required because § 3143(a)(2) mandates that he be detained while he "is awaiting imposition or execution of sentence."

This Court agrees with Defendant that 18 U.S.C. 3143(b)(2) does not apply here because Defendant has not filed a notice of appeal or petition for writ of certiorari.  As discussed above, however, under 18 U.S.C. § 3143(a)(2) he is subject to an immediate and mandatory remand into custody.

IT HEREBY IS ORDERED, that Defendant's Motion for Voluntary Surrender (Docket No. 29) is DENIED.

SO ORDERED.

Dated:   April 25, 2008
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge